UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO SAUCEDO,<br><br>Petitioner,<br><br>v.<br><br>JAMES ROBERTSON,<br><br>Respondent. | Case No. ED CV 19-00895 DSF (RAO)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

## I. BACKGROUND

On May 1, 2019, the Court received a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 from Marco Antonio Saucedo ("Petitioner"). Petitioner seeks habeas relief from his current state custody, which arises from his 2013 conviction in Riverside County Superior Court for vehicular manslaughter while intoxicated.[1] Pet. at 1, Dkt. No. 1. The Petition

---

[1] The Petition states that Petitioner was convicted in 2011. Pet. at 1. However, an examination of the state court records shows that the trial court entered judgment in 2013. *See* https://appellatecases.courtinfo.ca.gov/search/case/trialCourt.cfm?dist=42&doc_id=2060396&doc_no=E059903&request_token=NiIwLSIkTkw3W1BFSCNNWE1IMDw6UlxbJiBOIzpTQCAgCg%3D%3D. The Court takes judicial notice of the state records and as well as the records of this Court and those of the Court of Appeals for the Ninth Circuit, as necessary herein. *See* Fed. R. Evid.

raises a single ground for relief, namely that the trial court erred in instructing the jury on the elements of manslaughter. Pet. at 6.

The records of this Court establish that Petitioner has filed a previous habeas action concerning his 2013 conviction and sentence. *See Saucedo v. Director of CDCR*, No. 5:16-cv-01873-DSF-AFM (C.D. Cal. Sept. 1, 2016). In the prior case, the Court denied with prejudice the operative petition. *See* Order Accepting Findings and Recommendations of United States Magistrate Judge, *Saucedo v. Hatton*, No. 5:16-cv-01873-DSF-AFM (C.D. Cal. Sept. 8, 2017), Dkt. Nos. 21-22.

On July 16, 2019, Respondent filed a motion to dismiss the Petition as successive ("Motion"). Dkt. No. 11. Petitioner opposes the Motion on the ground that his lack of understanding of the English language prevented him from asserting the new ground raised in the Petition. Opp'n, Dkt. No. 15 at 2.

A review of the Petition demonstrates that Petitioner again seeks federal habeas relief concerning the same 2013 conviction and sentence at issue in Petitioner's 2016 habeas action. Neither the Petition itself nor the records of the Ninth Circuit Court of Appeals establish that Petitioner has authorization to bring a successive petition in this Court.

## II.  **DISCUSSION**

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of

---

201(b)(2); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

>appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); see also *Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

The Court finds that the Petition is clearly a "second or successive" habeas petition. Moreover, the Petition and records of the Ninth Circuit establish that Petitioner has not been granted authorization by the Ninth Circuit to file a successive petition to raise his new claim.

In his Opposition to Respondent's Motion, Petitioner contends that he is entitled to a "gateway privilege as codified in [28 U.S.C.] § 2244(b)(2)(A) and (B)" because he is unable to speak, read, or write the English language. *Id*. at 1-2. A petitioner may overcome the procedural hurdle to a successive petition if he makes a proper showing of actual innocence. *Schlup v. Delo,* 513 U.S. 298, 320-21, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) ("[A] habeas court must adjudicate even a successive habeas claim when required to do so by the 'ends of justice.'") (citations omitted); *McQuiggins v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L.Ed.2d 1019 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass" through a procedural hurdle).

Under the actual innocence exception to the filing of a successive petition, a petitioner must demonstrate that "more likely than not, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggins,* 569 U.S. at 386. Here, Petitioner is asserting that limited English language skills prevented him from timely raising his claim of jury instruction error. Without addressing the merits of Petitioner's allegations regarding lack of language skills, the Court finds that the Petition raises a claim of legal error, not factual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998)

("'Actual innocence' means factual innocence, not mere legal insufficiency."); *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (same). Accordingly, it does not appear that the actual innocence exception to filing a successive petition would apply here, although this is a determination for the Ninth Circuit to make.

Because Petitioner has not obtained authorization to file the instant Petition, the Court finds that it lacks jurisdiction. *See Burton*, 549 U.S. at 152-53. Therefore, the reference to the Magistrate Judge is vacated, and the Petition is dismissed for lack of jurisdiction. The Clerk is directed to enter judgment dismissing the Petition. Because the Court must dismiss the Petition, any pending motions are denied as moot.

### III.   CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. Since the

Petition is patently a successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and
2. A Certificate of Appealability is **DENIED**.

IT IS SO ORDERED.

DATED: September 18, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE